[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE DEFENDANTS' MOTION TO SET ASIDE VERDICT
This action was returned to court on January 5, 1996. The complaint referred to an accident involving two automobiles which occurred on March 29, 1995. The plaintiff driver sued the defendant driver claiming the collision and her resultant injuries were caused by the negligence and carelessness of the defendant operator.
Defendant denied he was negligent and pleaded by way of special defense that the plaintiff was negligent and her negligence was the proximate cause of the collision and her CT Page 8372 injuries and that plaintiffs' negligence exceeded any negligence of the defendant.
The case was tried to a jury which returned a verdict for the defendant on September 24, 1996.
Only under the most compelling circumstances may the court set aside a jury verdict because to do so interferes with a litigant's constitutional right in appropriate cases to have issues of fact decided by a jury. Bambus v. Bridgeport Gas Co.,148 Conn. 167, 169 (1961). The jury determines the credibility and the effect given to testimony. Gallo v. Gallo, 184 Conn. 36,38 (1981). It may accept or reject the testimony of any witness;Zarembski v. Three Lakes Park. Inc., 177 Conn. 603, 608 (1979).
In this case, although the court might have reached a different result, the evidence presented at the trial reasonably supported the verdict and does not compel a conclusion that the jury was influenced by partiality, prejudice, mistake or corruption.
Accordingly, plaintiff's motion is denied.
Dorsey, J. Judge Trial Referee